UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OTIS WILLIAMS,

     Plaintiff,

                                     Case No. 13-10832

v.

                                     Hon. John Corbett O'Meara

CITIMORTGAGE, INC.,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Before the court is Defendant's motion for judgment on the pleadings, which

has been fully briefed.  The court did not hear oral argument.

## BACKGROUND FACTS

This is a mortgage foreclosure case involving real property located at 10902

Beaconsfield, Detroit, Michigan.  On November 8, 1999, Plaintiff Otis Williams

and his wife, Ulanda Williams, took out a home loan that was secured by a

mortgage in favor of Birmingham Bancorp.  Birmingham Bancorp assigned the

mortgage to Source One Mortgage Corporation, to which Defendant Citimortgage

is successor by merger.

After the borrowers defaulted on the loan, Citimortgage offered a loan

modification agreement on June 20, 2011.  The agreement required the signatures of both Plaintiff and his wife.  Plaintiff signed the loan modification agreement, but his wife did not.  As a result, Citimortgage did not consider the agreement to be in effect.

Because the borrowers neither cured their default nor properly executed the loan modification agreement, Citimortgage foreclosed on the mortgage by advertisement and then purchased the property at the January 12, 2012 sheriff's sale.  The redemption period expired on July 12, 2012; Plaintiff and his wife did not attempt to redeem the property.

Plaintiff filed his complaint in January 2013, alleging claims of breach of contract, fraud, unjust enrichment, and quiet title.  Plaintiff argues that Citimortgage breached the loan modification agreement and improperly foreclosed on the property.

## LAW AND ANALYSIS

Defendant seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which requires the same standard of review as Rule 12(b)(6).  Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008).  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on

its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

As Defendant points out, is undisputed that the redemption period has expired. Once the redemption period has expired, a plaintiff is generally barred from challenging the foreclosure sale. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period").

In order to overcome this hurdle and toll the redemption period, Plaintiff must allege fraud or irregularity in connection with the foreclosure sale. "The law

in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted).  See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.").  "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted) (Lawson, J.).  See also Conlin v. MERS, Inc., 714 F.3d 355, 359-60 (6th Cir. 2013).

In this case, Plaintiff does not allege fraud or an irregularity in connection with the foreclosure sale itself.  Rather, Plaintiff contends that Citimortgage led him to believe that he would receive a loan modification.  Any promise from a financial institution to modify a loan must be in writing and signed by an authorized person to be enforceable. See M.C.L. 566.132(b)(2) ("A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation" must be in writing to be enforced under Michigan law).  See also Carl v. BAC Home Loans Serv. LP, 2011 WL 3203086 at *2-3 (E.D. Mich. July 27, 2011) (alleged

oral promise to modify loan cannot support fraud or quiet title claims).  Although

Plaintiff signed the loan modification agreement, it is undisputed that his wife did

not.  As a result, Citimortgage also did not sign the agreement and it is not

enforceable against Citimortgage.

In light of the expiration of the redemption period and the statute of frauds,

Plaintiff has not alleged facts sufficient to support his claims of breach of contract,

fraud, unjust enrichment, or quiet title.  Therefore, the court will grant Defendant's

motion.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's August 21, 2013 motion for

judgment on the pleadings is GRANTED and Plaintiff's complaint is DISMISSED

WITH PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date:  November 6, 2013


I hereby certify that a copy of the foregoing document was served upon
counsel of record on this date, November 6, 2013, using the ECF system.

s/William Barkholz
Case Manager
